Eastern District of Kentucky
**FILED**

JAN - 3 2007

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# ASHLAND

Civil Action No. 06-46-HRW

SHEILA CORDLE,                                       PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge

a final decision of the Defendant denying Plaintiff's application for disability

insurance benefits and supplemental security income benefits. The Court having

reviewed the record in this case and the dispositive motions filed by the parties,

and being otherwise sufficiently advised, for the reasons set forth herein, finds that

the decision of the Administrative Law Judge is supported by substantial evidence

and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and

supplemental security income benefits on July 2, 2003 (Tr. 14-116, 199-203),

alleging disability beginning on August 15, 2002, due to back pain, stomach

problems, a hernia and depression.  This application  was denied initially and on

reconsideration.  On October 8, 2004, an administrative hearing was conducted by

Administrative Law Judge William H. Gitlow (hereinafter "ALJ"), wherein

Plaintiff, accompanied by counsel, testified.  Donald Woolwine, a vocational

expert, also appeared but did not testify.

After the October 8, 2004 hearing, the ALJ requested the Plaintiff undergo

orthopedic as well as psychiatric evaluations.  Following receipt of those

evaluations, the ALJ convened a supplemental hearing on August 1, 2005 during

which Melissa Glannon, a vocational expert ("VE") testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not
> disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his
> impairment(s) must be severe before he can be found to be disabled based
> upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a
> severe  impairment (or impairments) that has lasted or is expected to last for
> a continuous period of at least twelve months, and his impairments (or
> impairments) meets or medically equals a listed impairment contained in
> Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without
> further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On October 14, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 19-27).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 26).

The ALJ then determined, at Step 2, that Plaintiff suffered from depression and back pain, which he found to be "severe" within the meaning of the Regulations (Tr. 26).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 26). In doing so, the ALJ specifically considered listings 1.04 and 12.00 (Tr. 21-22).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 26) but determined that she has the residual functional capacity ("RFC") to perform a significant range of light work (Tr. 26). The ALJ finally

concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 25). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

*Services*, 862 F.2d 1224, 1228 (6ᵗʰ Cir. 1988). Finally, this Court must defer to the

Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273

(6th Cir.1997).

Plaintiff's sole contention of error is that the ALJ should have re-contacted

his treating physician, Dr. Jeremy Klein, in order to obtain additional information

regarding his impairments.

> 20 C.F.R. § 404.1512 provides, in pertinent part:
>
> (e) *Recontacting medical sources.* When the evidence
> we receive from your treating physician or psychologist
> or other medical source is **inadequate** for us to
> determine whether you are disabled, we will need
> additional information to reach a determination or
> decision.

20 C.F.R. § 404.1512(e) (emphasis added).

The regulations further state that the first step in the effort to obtain

additional determination will be to recontact the treating physician:

> We will seek additional evidence or clarification from
> your medical source when the report from your medical
> source contains **a conflict or ambiguity** that must be
> resolved.

20 C.F.R. § 404.1512(e)(1)(emphasis added).

In this case, Plaintff has failed to demonstrate any inadequacy, conflict or ambiguity which would warrant additional evidence from Dr. Klein.   What Plaintiff seems to suggest is that ALJ should have shown greater deference to Dr. Klein's functional assessment of Plaintiff, in which he opined that Plaintiff was significantly limited (Tr. 380-382).

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2).   Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In this case, the ALJ rejected Dr. Klein's severe restrictions because they are inconsistent with other, credible medical evidence of record.    For example, Dr. Klein's assessment is based upon Plaintiff's complaints of back pain (Tr. 380-382). However, an MRI in March 2004 revealed only minor degenerative changed in Plaintiff's lumbar spine (Tr. 375). Moreover, an examination in April 2004 revealed no neurological deficit or other deformity (Tr. 374). These objective findings belie allegations of disabling pain. Notably, Dr. Klein's own office notes show only periodic complaints of pain (Tr. 373-393, 456-462).

6

Finally, the record shows that Plaintiff served as her mother's primary caretaker after her mother suffered a stroke in 2002. This activity undercuts allegations of disabling pain. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

The Court, having reviewed the record, finds that the ALJ was not obligated to re-contact Dr. Klein. The Court further finds that the ALJ's assessment of the medical evidence was proper.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 3rd day of January, 2007.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE

7